# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**ALLAN F. MONTECALVO,**

    **Plaintiff,**

v.                                                      Case No.  8:07-cv-851-T-30MSS

**BRANDON AUTO CLINIC, INC;**
**JOHN ERRIGO,**

    **Defendants.**
_____/

## **ORDER**

THIS CAUSE comes before the Court upon Plaintiff's Motion for Entry of Clerk's Default (Dkt. 12), and Defendant Brandon Auto Clinic Inc's Motion to Strike Plaintiff's Motion for Clerk's Entry of Default (Dkt. 14).

## **BACKGROUND**

On May 5, 2007, Plaintiff attempted to serve Defendants[1] with a copy of the Summons and Complaint. However, the Summons did not accompany the Complaint. Defendant Brandon Auto Clinic, Inc. thereafter filed a Motion to Quash Service (Dkt. 4). Upon receiving notice of this filing, counsel for Plaintiffs contacted counsel for Defendant acknowledging the faulty service and agreed to provide Defendants ten (10) additional days

---

[1] In reviewing the docket, it does not appear Plaintiff has served Defendant John Errigo. However, in reading the instant Motion to Strike, it appears Mr. Errigo has appeared, via counsel, in this case. The Motion was filed on behalf of both Defendant Brandon Auto Clinic, Inc. and John Errigo. Moreover, Defendants state in their Motion that they orally waived service. (Dkt. 14 at ¶¶ 4-5). Accordingly, this Court finds John Errigo has appeared in this matter.

to answer the Complaint if Defendants agreed to withdraw the Motion to Quash Service. Counsel for Defendants agreed with this arrangement and withdrew the motion (Dkt. 9). However, after reviewing the Complaint, Defendants determined, based on the nature of the allegations contained therein, that filing a Motion for more Definite Statement was appropriate. Defendants filed their motion on June 25, 2007 (Dkt. 10), but, realizing they failed to adhere to Local Rule 3.01(g), later withdrew the motion (Dkt. 11).

Counsel for Defendants thereafter conferred with counsel for Plaintiff regarding the vague nature of the allegations in the Complaint and attempted to get counsel for Plaintiff to agree to provide more specificity. Unable to come to a resolution, Defendants, on July 17, 2007, re-filed their Motion for more Definite Statement (Dkt. 13). Plaintiff's Motion for Clerk's Default was filed on the same day (Dkt. 12).

## DISCUSSION

Federal Rule of Civil Procedure 55(a) permits a clerk to enter default "[w]hen a party against who a judgment for affirmative relief is sought has failed to plead *or otherwise defend* as provided in these rules." Fed.R.Civ.P. 55(a) (2007). Plaintiff argues in his motion that default is appropriate because Defendants have failed to answer the Complaint and instead filed a Motion for More Definite Statement. The Rule does not contemplate the entry of default only upon a defendant's failure to answer, but rather upon a defendant's failure to respond or defend against the allegations in a complaint. A Motion for more Definite Statement clearly is an attempt by Defendants to defend against the allegations in the Complaint.

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiff's Motion for Entry of Clerk's Default (Dkt. 12) is **DENIED**.

2. Defendant Brandon Auto Clinic Inc's Motion to Strike Plaintiff's Motion for Clerk's Entry of Default (Dkt. 14) is **GRANTED**.

**DONE** and **ORDERED** in Tampa, Florida on July 26, 2007.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2007\07-cv-851- Deny Motion for Clerk's Default.frm