## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
#### TAMPA DIVISION

**ALLAN F. MONTECALVO, on behalf**
**of himself and those similarly situated,**

    **Plaintiff,**

v.                                                            Case No.  8:07-cv-851-T-30-MSS

**BRANDON AUTO CLINIC, INC.,**
**a Florida corporation, and**
**JOHN ERRIGO, individually,**

    **Defendants.**
_____/

## **ORDER**

THIS CAUSE comes before the Court upon Defendant's Motion for a More Definite Statement (Dkt. 13) and Plaintiff's Response (Dkt. 15).  The Court, having considered the motion, response, and memoranda in support, finds that Defendant's motion should be denied.

### **BACKGROUND**

In his complaint, Plaintiff Allan F. Montecalvo, alleges one count of unpaid overtime compensation pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. §201 et seq. (Dkt. 1).  Plaintiff was employed by Defendant Brandon Auto Clinic ("BAC") as an hourly worker from 1998 until February 2007.  He alleges that he was entitled to receive payment of time and a half for each hour worked per week over forty hours.  He further claims that he and those similarly situated worked approximately 52 hours per week most weeks but were not

properly compensated for that time.

Defendants contend that the Complaint is so vague and ambiguous that Defendant are not able to form a response. They claim that Plaintiff failed to allege necessary facts, specifically: a more definite date of the alleged workweeks for which the Plaintiff has allegedly not been properly compensated, a specific number of hours for which the Plaintiff has allegedly not been properly compensated, the other parties comprising the class of "those similarly situated," and a more definite description of the conduct which constitutes alleged "willful and intentional" failure to compensate the Plaintiff for overtime hours. Plaintiff argues that Defendants have demonstrated, through their correspondence with Plaintiff's counsel, their ability to form a response to Plaintiff's allegations and their knowledge of the required facts.

## DISCUSSION

A motion for a more definite statement is proper when "a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e). However, motions for a more definite statement are disfavored under the law. Capaz v. Whitaker, Weinstraub, and Grizzard, M.DS., P.A., 2007 WL 1655473 at *1 (M.D. Fla. 2007) (citing Campbell v. Miller, 836 F. Supp. 827, 832 (M.D. Fla. 1993)). Motions for a more definite statement are not substitutes for discovery. Betancourt v. Marine Cargo Mgmt., 930 F. Supp. 606, 608 (S.D. Fla. 1996).

Furthermore, Rule 8(a)(2) requires only a short and plain statement of the claim. Fed. R. Civ. P. 8(a)(2). A complaint must only "give the defendant fair notice of what the claim is and the grounds upon which it rests." <u>Capaz v. Whitaker, Weinstraub, and Grizzard, M.DS., P.A.</u>, 2007 WL 1655473 at *1 (M.D. Fla. 2007) (citing <u>Bell Atlantic Corp. v. Twombly</u>, 127 S.Ct. 1955, 1964 (2007)).

Here, Plaintiff does allege sufficient facts to support their claim. Plaintiff's allegations are not so vague and ambiguous that Defendants cannot respond. Defendants can obtain any additional facts needed through discovery.

It is therefore ORDERED AND ADJUDGED that:

1. Defendants Brandon Auto Clinic, Inc. And John Errigo's Motion for a More Definite Statement (Dkt. 13) is **DENIED**.

2. Defendants have twenty (20) days from the date of this order to file a Response to Plaintiff's Complaint.

**DONE** and **ORDERED** in Tampa, Florida on July 30, 2007.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies Furnished To**:
Counsel/Parties of Record

F:\Docs\2007\07-cv-851.def stmt 13.wpd